UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
KERRY EDWARDS,

Plaintiff,

**COMPLAINT**

Jury Trial Demanded

-against-

Police Officer KONSTANTIN GENIN, Shield No. 18055; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

Defendants.

----------------------------------------------------------------- x

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331and 1343.

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.       Plaintiff demands a trial by jury in this action.

## PARTIES

6.       Plaintiff Kerry Edwards ("plaintiff" or "Mr. Edwards") is a resident of Kings County in the City and State of New York.

7.       Defendant Police Officer Konstantin Genin, Shield No. 18055 ("Genin"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Genin is sued in his individual and official capacities.

8.       At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9.       At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10.       At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11.       At approximately 6:30 p.m. on August 23, 2011, plaintiff was lawfully in

2

the vicinity of East 39th Avenue and Avenue I in Brooklyn, New York.

12.   Mr. Edwards had been at a barbeque in Amersfort Park and was leaving to go home when defendants arrived and directed him and others not to move.

13.   Defendants searched, handcuffed and arrested Mr. Edwards without probable cause or reasonable suspicion to believe he had committed any crime or offense.

14.   Mr. Edwards was taken to the 63rd Precinct.

15.   At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff engage in disorderly conduct.

16.   At no point did the officers observe plaintiff engage in disorderly conduct.

17.   Mr. Edwards was held for approximately ten hours before being issued a Desk Appearance Ticket for disorderly conduct.

18.   Mr. Edwards was compelled to appear in criminal court approximately one month later at which time the charge was dismissed in its entirety.

19.   Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation, and damage to his reputation.

### FIRST CLAIM
**Unlawful Stop and Search**

20.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

21.    Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

22.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### SECOND CLAIM
**False Arrest**

23.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

24.    Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

25.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
**Malicious Prosecution**

26.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

4

27.    By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

28.    Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights.  The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

29.    As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

30.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31.    The individual defendants created false evidence against plaintiff.

32.    The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

33.     In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

34.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

35.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

37.     Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

38.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d)  Such other and further relief as this Court deems just and proper.


DATED:      December 21, 2012
            New York, New York

                      HARVIS WRIGHT
                      SALEEM & FETT LLP


                      _____
                      Afsaan Saleem
                      305 Broadway, 14th Floor
                      New York, New York 10007
                      (212) 323-6880
                      asaleem@hwsflegal.com

                      *Attorney for plaintiff*